Omar FAROOQ, Petitioner,

v.

Eric H. HOLDER Jr.,[1] Respondent.

No. 08–4786–ag.

United States Court of Appeals, Second Circuit.

Sept. 21, 2009.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), current Attorney General Eric H. Holder Jr. is automatically substituted for Acting Attorney General Mark Filip as the respondent in this case.

Glenn L. Formica, New Haven, CT, for Petitioner.

R. Alexander Goring, U.S. Dept. of Justice, Washington, D.C., for Respondent.

Present: RALPH K. WINTER, ROSEMARY S. POOLER and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Omar Farooq petitions this Court for review of the September 3, 2008 order of the BIA which denied his petition for a continuance of his removal proceedings pending the adjudication of his application for adjustment of status, which application is based upon his wife's United States citizenship, pursuant to Section 245 of the Immigration and Nationality Act ("INA"). The BIA's decision affirmed the order, dated May 1, 2007, of Immigration Judge Michael W. Straus ("the IJ"), of the U.S. Immigration Court, Hartford, Connecticut.

Farooq was born in Pakistan, on February 26, 1981, and remains a Pakistani citizen. Farooq arrived at Denver, Colorado, on September 30, 1999, without a valid travel document, and was therefore immediately put in removal proceedings. He filed an application for asylum, dated August 22, 2000, based upon the allegation that he faced persecution in Pakistan because of his membership in the Pakistan Peoples Party. Farooq withdrew this application on August 22, 2005.

In the meantime, Farooq began to reside in Connecticut, and, on April 5, 2001, married Jazmin Torres, an American citizen. Based upon this marriage, Farooq filed an application for adjustment of status, on July 11, 2001. Farooq subsequently failed to attend an April 20, 2003 hearing on the application and, in any event, he was divorced from Torres, by order of the Connecticut Superior Court, on August 18, 2003.

On August 22, 2003, Farooq married Melissa Dawn Kent, also an American citizen. The following month, Farooq filed a new application for adjustment of status. Farooq appeared in Immigration Court, on August 22, 2005, to request a continuance of his removal proceedings pending the adjudication of the new application. In response, Immigration Judge Matthew J. D'Angelo ordered briefing on the question of his jurisdiction to issue a continuance.

In an oral decision, dated May 1, 2007, the IJ determined that, "under 8 C.F.R. Section 1245.2(a)(1)(ii), an Immigration Judge does not have jurisdiction to adjudicate an application for adjustment of status filed [by] an arriving alien.... Accordingly, the Court cannot continue the matter any further since [Farooq] is not eligible for adjustment of status." On the same day, the IJ issued a written order which ordered Farooq removed to Pakistan.

The BIA affirmed the IJ, on September 3, 2008. First, the BIA held that, "[a]s an arriving alien, [Farooq] is ineligible to pursue adjustment of status in these removal proceedings pursuant to 8 C.F.R. § 1245.2(a)(1)(ii). While [Farooq] argues that this regulation contravenes section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255, he has identified no case law from the United States Court of Appeals for the Second Circuit ... finding the regulation invalid.... In general, arriving aliens must instead pursue adjustment of status before United States Citizenship and Immigration Services ("USCIS"). *See* 8 C.F.R. § 245.2(a)(1)." The BIA therefore concluded that "the Immigration Judge lacks authority to resolve any questions pertaining to the merits of [Farooq's] claims and it is therefore proper for any issues respecting those claims, including any stay that may be

warranted, to be addressed by the agency with jurisdiction."

When the BIA affirms the decision of an IJ, employing the same reasoning as the IJ, we review the decisions of the BIA and the IJ together. *See Baba v. Holder,* 569 F.3d 79, 84 (2d Cir.2009). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

As set forth in the discussion contained in this Court's decision in *Brito v. Mukasey,* 521 F.3d 160 (2d Cir.2008), Farooq is challenging a regulation that no longer exists. This Court noted in *Brito* that "the regulations governing the IJ's jurisdiction over applications for adjustment of status, *prior to their recent amendment,* have been the subject of a considerable amount of litigation concerning their validity...." *Id.* at 164 (emphasis added). The opinion sets forth the following history regarding the development of the law:

> Prior to 1960, any alien in the United States no longer in possession of a valid immigrant visa but eligible for adjustment of status had to go abroad to apply for permanent resident status. In 1960, Congress eliminated that burden by expanding eligibility for adjustment of status to include all aliens "inspected and admitted or paroled," allowing aliens in the United States, with or without valid visas, to apply for immigrant status without having to depart. 8 U.S.C. § 1255(a).... Section 1255(a) commits to the discretion of the United States Attorney General, "and under such regulations as he may prescribe," the granting of applications for adjustment of status. 8 U.S.C. § 1255(a)....
>
> In 1997, following the enactment of the Illegal Immigrant Reform and Immigration Responsibility Act ("IIRI-RA"), the Attorney General issued new regulations to implement IIRI-RA.... [T]he Attorney General promulgated 8 C.F.R. § 245.1(c)(8), which rendered certain categories of aliens, including any arriving alien in removal proceedings, ineligible to apply for adjustment of status....

*Id.* at 165 (citations omitted).

This new regulation "soon engendered a Circuit split on the resolution of the inherent tension in a statutory scheme that explicitly defines who is eligible to apply for adjustment of status but gives the Attorney General unreviewable discretion to review the applications." *Id.* (internal brackets and quotation marks omitted). In 2006, "[r]ecognizing the Circuit split over the issue ... the Attorney General decided to resolve the conflict through rulemaking and amended the disputed regulations. The regulations as amended provide USCIS with jurisdiction to adjudicate adjustment of status applications for all arriving aliens, even those in removal proceedings." *Id.* at 166 (internal quotation marks and citation omitted). Thus, under the new regulation, 8 C.F.R. § 1245.2(a)(1)(ii), Immigration Judges "remain without jurisdiction to adjudicate adjustment of status applications for arriving aliens in removal proceedings." *Id.*

Farooq's brief is dedicated to addressing the "direct conflict between statute and regulation" caused by the Attorney General's 1997 regulations which subsequently engendered the Circuit split discussed in *Brito.* That is, he argues that "[o]n the one hand, Congress is allowing aliens who have been paroled into the Country to adjust their status. On the other hand, the Attorney General is carving out an exception to th[e] statute for aliens in removal proceedings. It just doesn't make sense."

But nowhere does Farooq acknowledge the 2006 amendment by which the Attorney General, as the Government says, "ha[s] restored arriving aliens with the ability to adjust their status before the Agency, while ... [still] precluding immigration judges from exercising jurisdiction over arriving aliens' applications for adjustment of status." As set forth above, the BIA based its decision upon the amended regulation, and because Farooq posits no challenge to the amended regulation, this Court has no ground upon which to reverse the BIA.

Finally, even if Farooq's arguments were construed as challenging the amended regulation, this challenge would fail because the amended regulation is a permissible construction of, and does not conflict with the statute. *See, e.g., Scheerer v. U.S. Attorney Gen.*, 513 F.3d 1244, 1250–52 (11th Cir.2008).

For the reasons stated above, the petition for review is hereby DENIED.